UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3
    Plaintiff
v.
Scott T. Carlone; Joan M. Carlone
    Defendants

Case No.

## VERIFIED COMPLAINT

### Jurisdiction and Venue

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.
2. Venue is property under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this Complaint is located in the State of Rhode Island.
3. Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.IG.L. § 34-27-1, et seq.

### Parties

4. Plaintiff, Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3, has a usual place of business at c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100 West Palm Beach, Florida 33409.
5. Defendant, Scott T. Carlone, is an Individual who, upon information and belief, resides at 3 Arrow Court #144, West Warwick, RI 02893.
6. Defendant, Joan M. Carlone, is an Individual who, upon information and belief, resides at 3 Arrow Court #144, West Warwick, RI 02893.
7. Defendant, Joan M. Carlone, is the owner of the property located 3 Arrow Court, West Warwick, RI 02893 (the "Property").
8. Defendants, Scott T. Carlone and Joan M. Carlone, are purported mortgagors of record.
9. The Property is further described on the Town of West Warwick Tax Assessors Map as Tax ID 012-0744-0-000.

### Facts

10. Joan M. Carlone and Scott T. Carlone executed and delivered a Quit Claim Deed for the Property to Joan M. Carlone, which deed is executed on August 20, 2013 and recorded in

the Land Evidence Records for the Town of West Warwick at Book 2263, Page 113, (the "Deed"). *See* **Exhibit A.**

11. There is an unbroken chain of title of not less than 40 years, which creates marketable record title in Defendant Joan M. Carlone, pursuant to R.I.G.L. §34-13.1-2. *See* **Exhibit B.**
12. Defendants, Scott T. Carlone and Joan M. Carlone, executed and delivered a Note dated December 13, 2006 to New Century Mortgage Corporation in the principal amount of Two Hundred Sixteen Thousand Dollars and No Cents ($216,000.00) ("Note"). *See* **Exhibit C.**
13. The Note was endorsed by New Century Mortgage Corporation in Blank. *See* **Exhibit C.**
14. Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 is the current holder of the Note.
15. As security for the Note, Scott T. Carlone and Joan M. Carlone executed, granted and delivered a first mortgage in the amount of $216,000.00 containing a power of sale to Mortgage Electronic Registration Systems, Inc., as nominee for New Century Mortgage Corporation, its successors and assigns dated December 13, 2006, and recorded in the Land Evidence Records for the Town of West Warwick on December 18, 2006 in Book 1819 at Page 31 ("Mortgage"). *See* **Exhibit D.**
16. The mortgage was assigned from MERS, Inc., as nominee for New Century Mortgage Corporation to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 by assignment, executed on October 22, 2008, and recorded in the Land Evidence Records for the Town of West Warwick on October 24, 2008 in Book 1971 at Page 43. *See* **Exhibit D.**
17. The mortgage was assigned from Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 by assignment, executed on September 9, 2009, and recorded in the Land Evidence Records for the Town of West Warwick on September 14, 2009 in Book 2022 at Page 269. *See* **Exhibit D.**
18. The mortgage was assigned from Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 to Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 by assignment, executed on July 31, 2013, and recorded in the Land Evidence Records for the Town of West Warwick on August 26, 2013 in Book 2263 at Page 109. *See* **Exhibit D.**
19. The Mortgage is secured by the Property located in the Town of West Warwick, Rhode Island, more particularly described as follows:

> That certain tract or parcel of land with all the buildings and improvements thereon, laid out and designated as Lot No. 144 (One forty four) on that Plat entitled, "FINAL FOR NOTTINGHAM ESTATES SECTION NO. 4 Situated in West Warwick, Rhode Island

(A.P. 12 Lots 1, 27, 28, 31, & 32) OWNER/DEVELOPER TRI-TOWN ASSOCIATES BY: KIRK D. ANDREWS Registered Land Surveyor", which plat is recorded in the Land Evidence Records in the Town of West Warwick in Plat Book 3 at pages 53, 54, and 55.

Subject to easements and set back lines of record.

Subject to any present or future sewer assessments of record.

20. Plaintiff, Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3, is the present holder of the Note and Mortgage.
21. No person other than the parties hereto appears of record in Land Evidence Records for the Town of West Warwick to have any interest in said Property.

## COUNT I
### Breach of Contract

22. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-21 as if restated herein.
23. Defendants, Scott T. Carlone and Joan M. Carlone, are in default in the performance of the terms and conditions of the Note by reason of the failure to timely tender principal and interest payments as required by the terms of the Note.
24. As of December 15, 2017, 2017, the sum of $157,328.24 is necessary to cure the default.
25. As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.
26. As of December 15, 2017, the sum of $371,767.09 is due and owing to Plaintiff from Defendant in connection with the Note.
27. Defendant, Joan M. Carlone, has no defenses or right of set off with respect to the amounts due in connection with the Note, with the exception of any deficiency balance due and owing in connection with the Note, which may have been discharged in Bankruptcy;
28. On or about June 20, 2017, Plaintiff, or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, sent a notice of default and demand to the notice and default provisions of the Mortgage.
29. On or about August 30, 2017, Plaintiff, or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, by its attorneys, sent a notice of acceleration of the debt pursuant to the notice and default provisions of the Mortgage.

## COUNT II
### Declaratory Judgment for Order of Sale

30. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-29 as if restated herein.

31. Defendant, Joan M. Carlone, as the present owner of the Property is the owner of the equity of redemption of the Property.
32. The Defendants, Scott T. Carlone and Joan M. Carlone, are in default in the performance of the terms and conditions of the Mortgage, namely; default in the payment of principal and interest of the Note secured by the Mortgage.
33. Plaintiff is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendant's obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.
34. Plaintiff is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.IG.L. § 34-27-1, et seq.
35. Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.
36. Upon information and belief and upon examination of the public records, there are no other parties with a mortgage, lien or encumbrance with respect to the Property.
37. Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as Amended. *See* **Exhibit E.**

WHEREFORE, Plaintiff prays that the following relief enter:
1. That an order of notice issue on this Complaint, if the Court deems appropriate;
2. Declare that the Mortgage recorded in the Land Evidence Records for the Town of West Warwick on December 18, 2006 in Book 1819 at Page 31 is a valid first priority lien on the Property;
3. Declare that Defendants, Scott T. Carlone and Joan M. Carlone, are in default of the terms and conditions of the Note and Mortgage;
4. Enter an interlocutory decree enter authorizing the Plaintiff to foreclose the Mortgage recorded in the Land Evidence Records for the Town of West Warwick on December 18, 2006 in Book 1819 at Page 31 by the exercise of the statutory power of sale therein and in accordance with R.I.G.L. § 34-11-22 and R.I.G.L. § 34-27-1, et seq.;
5. Enter Judgment in favor of Plaintiff for the sums due and owing from Defendants, Scott T. Carlone and Joan M. Carlone, in connection with the Note and Mortgage, as their interest may appear, with the exception of any deficiency balance due and owing in connection with the Note, which may have been discharged in Bankruptcy;
6. Enter an Order authorizing Plaintiff to satisfy its Judgment from the foreclosure pursuant to the terms of the Mortgage;
7. The Court approve the acts of the Plaintiff done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

8. Such other and further relief as this Honorable Court deems meet and just.

Plaintiff
By its attorney

/s/ *Michael R. Hagopian*
_____
Michael R. Hagopian, Esq. 3448
Orlans PC
PO Box 540540
Waltham MA 02454
(781) 790-7800

## VERIFICATION

I reviewed the allegations set forth in the foregoing complaint and verify and affirm that the allegations are true based on my review of the records maintained in the ordinary course of business and a review of the public records maintained by the Town of West Warwick. For those allegations set forth as information and belief, I believe them to be true based on the information I reviewed.

12·11·17

Yvonne S. Belcher
Contract Management Coordinator
Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this __11__ day __Dec__ of 20__17__, by __Yvonne S. Belcher__ as Contract Management Coordinator for Ocwen Loan Servicing, LLC who is the servicer for Deutsche Bank National Trust Company, as trustee for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3, who is personally known to me or who has produced __N/A__ as identification.

Signature of Notary Public
Name of Notary Public: Michelle Ann McLean
Personally known: ✓
OR Produced Identification: —
Type of Identification Produced: —

MICHELLE ANN MCLEAN
Notary Public - State of Florida
Commission # GG 013831
My Comm. Expires Jul 20, 2020